UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alain Lareau, # 128014, )  Petitioner, vs. Cecelia Reynolds, Respondent. | C/A No. 2:11-684-RBH-BHH **REPORT AND RECOMMENDATION** |

Alain Lareau ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to have his state conviction and sentence vacated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This case is one of the rare occasions where this Court should summarily dismiss the case *with prejudice.*

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This

Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Background

On October 26, 2010, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] [ECF No. 1] It appears that he was convicted by a jury of murder and ABWIK in the Richland County Court of General Sessions on January 29,

---

1) The Clerk of Court opened this action on March 22, 2011, but Petitioner appears to have signed the document on October 26, 2010, and placed it in the prison mailing system on that date. This Court does not know the reason for the time gap between the alleged placing of the petition in the prison mail system and the receipt by the Clerk of Court. Regardless, this Court will assume that the Petition was filed on October 26, 2010, for purposes of the AEDPA one-year limitations period.

1985, and sentenced on the same date to life in prison. *Id.* He alleges that he filed a direct appeal and that the South Carolina Court of Appeals affirmed his conviction and sentence on October 7, 1985. [ECF No. 8]  Petitioner alleges that he filed in a Court of Common Pleas a post-conviction relief ("PCR") action on July 23, 1986, and the action was dismissed with prejudice on October 31, 1986. [ECF No. 1]  He alleges that he did appeal his PCR case.[2] It appears that Petitioner filed a prior federal habeas action in this Court on February 13, 1987.  *See Lareau v. McKellar*, C/A No. 3:87-318-SB-RSC (proceedings are not available in CM/ECF).  That action was terminated on November 13, 1987.  *Id.* Petitioner alleges that his prior federal habeas action was not denied on the merits and that it was dismissed without prejudice. [ECF No. 8]  Petitioner alleges that he filed a PCR action in the Richland County Court of Common Pleas in 2009, and the court records indicate that he filed it on June 15, 2009.  *See* Richland County Fifth Judicial Circuit Public Index Homepage, (enter "Alain Lareau" and "search public index," click on "2009CP4004272," and enter "Actions") (last visited April 26, 2011).  It appears that Petitioner's second PCR action was dismissed on July 12, 2010, and Petitioner appealed the decision to the South Carolina Supreme Court, which entered an Order for Dismissal on October 5, 2010.  *Id.*

      Petitioner alleges one ground for relief in the § 2254 Petition: "The circuit court did not have subject matter jurisdiction to bring Petitioner to trial for murder and to impose sentence.  The grand jury did not convene in session, and, therefore, did not have

---

2) A review of the Richland County electronic court records does not reveal Petitioner's first PCR action.  *See* Richland County Fifth Judicial Circuit Public Index Homepage, (enter "Alain Lareau" and "search public index") (last visited April 26, 2011).

3

jurisdiction to indict Petitioner where court was not in session." [ECF No. 1]  Petitioner answered Question 18 about timeliness: "Subject matter jurisdiction can be raised at any time."  *Id.*  Petitioner seeks a "vacation of the conviction and sentence."  *Id.*  In this Court's Order filed on April 4, 2011, it directed Petitioner to complete Petitioner's Answers to Court's Special Interrogatories, which Petitioner did. [ECF No. 5] Within the special interrogatories, this Court gave notice to Petitioner "that this Court is considering *sua sponte* dismissal of your case based on the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)." [ECF No. 8]  Further, within the special interrogatories this Court gave the following notice to Petitioner and requested his possible reasons for equitable tolling:

> Under the law, you likely had until April 24, 1997 (excluding any time tolled), to file a federal court habeas petition related to your January 29, 1985, state conviction of murder and ABWIK, but it appears that you waited until approximately March 22, 2011, to file this Petition.  Thus, this Petition appears to be untimely.  However, the one-year limitations period may be equitably tolled in certain circumstances.  Your answer to Question 18 of the Section 2254 form (Form AO 241) alleges that "subject matter jurisdiction can be raised at any time."  You must set forth below all reasons why you waited until March 22, 2011, to file this Petition in this Court <u>and</u> why you did not file it between April 25, 1996, and April 24, 1997.

[ECF No. 8]  Petitioner responded, "Because I didn't have the newly discovered evidence and I can not read or write, I have to get someone to do it for me.  And they keep transferring me and then I have to make new friends to help me."  *Id.*  Within the special interrogatories, this Court further propounded the following question to Petitioner:

> Between November 13, 1987 (date your prior federal habeas action was terminated), until you filed your post conviction relief ("PCR") action in state court in 2009, did you file any other lawsuits in state or federal courts seeking to challenge your January 29, 1985, Richland County conviction of murder and ABWIK?  Explain below if you filed any lawsuits between those dates (and give some details about the lawsuits), or why you did *not* file any lawsuits during that time frame.

4

[ECF No. 8] Petitioner responded,

> Rev. Clyde Edw McDuffie Jr. 109178 (Inmate) intermediary read me papers and showed me the solicitor and Dr. Dunlap did indeed faked a psychological report to get a higher verdict of murder from the jury. Furthermore if you read the transcript, the solicitor and judge, said there was no malice for me to commit murder.

*Id.*

## Discussion

When the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") took effect in 1996, Congress prescribed a uniform rule: "'[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' § 2244(d)(1)." *Holland v. Florida*, 130 S.Ct. 2549 (2010). District courts are permitted, but not required, to consider *sua sponte* the timeliness of a state prisoner's § 2254 habeas petition after giving the parties "fair notice and an opportunity" to present their position regarding the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review. Title 28 U.S.C. § 2244. Subsection (d)(2) of section 2244 provides that the limitations period is tolled while properly filed state post-conviction or collateral attack actions are pending. *Id.* Because Petitioner's conviction was final prior to the enactment of the AEDPA, he had until April 24, 1997, excluding any time tolled, to file a federal habeas petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000). It appears that between November 13, 1987, the date Petitioner's prior federal habeas corpus action was terminated allegedly without prejudice, and June 15, 2009, the date Petitioner filed a PCR action in state court, Petitioner did *not* have any pending actions in state court for

post-conviction relief or collateral attacks related to his 1985 conviction for murder and ABWIK. Thus, the statutory tolling provision of 28 U.S.C. § 2244(d)(2) does not toll the time period between April 24, 1997, Petitioner's deadline to file a federal habeas petition, and June 15, 2009, Petitioner's filing of a state PCR action, and certainly more than one-year passed. Therefore, the present Petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[3] *See also Day v. McDonough*, 547 U.S. 198 (2006).

Of course, in addition to statutory tolling, a petitioner may be entitled to equitable tolling of the AEDPA time limitation in certain circumstances. *Holland v. Florida*, 130 S.Ct. 2549 (2010). The Fourth Circuit Court of Appeals has explained that equitable tolling should be "reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549 (2010). A petitioner's confusion about the law does not warrant equitable tolling where the state of the law was settled. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that an unrepresented

---

3) Petitioner's response (Answers to Court's Special Interrogatories) to this Court's Order filed April 4, 2011, and his right to file objections to this Report and Recommendation **constitute Petitioner's opportunities to object to a dismissal of this Petition based on the statute of limitations.** *Hill*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal); *McClellan v. Cartledge*, No. 9:06-3057-PMD-BM, 2009 WL 210922, at *2 n.2 (D.S.C. Jan. 28, 2009). *Cf. Bilal v. North Carolina*, 287 Fed.Appx. 241 (4th Cir. July 18, 2008).

prisoner's ignorance of the law is not extraordinary nor a circumstance external to his control). Also, illiteracy (unable to read or write) does not constitute grounds for equitable tolling. *See Lewis v. Eagleton*, C/A No. 4:09-2881-GRA-TER, 2010 WL 1903985, at *3 (D.S.C. April 26, 2010), *adopted by*, 2010 WL 1903986 (D.S.C. May 11, 2010), *appeal dismissed by*, 395 Fed.Appx. 6 (4th Cir. Sept. 7, 2010). In other words, courts have held that illiteracy is not an extraordinary circumstance under the test of equitable tolling. *See Burns v. Beck*, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004) (noting that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling"). In this case, Petitioner alleges that he cannot read or write, has to rely on other prisoners to help him, and that it takes time to make friends with other inmates who can help him each time he is transferred. Based on the law, this reason is not sufficient for the "extraordinary circumstance" prong of equitable tolling.

Title 28 U.S.C. § 2244 does provide that the one-year period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). By alleging that he did not timely obtain the "newly discovered evidence" as a reason why he filed the Petition on October 26, 2010, Petitioner may be invoking § 2244(d)(1)(D). Petitioner alleges that Inmate McDuffie determined that a psychological report was faked and that the solicitor and judge stated there was no malice. This does not actually appear to be *new* evidence recently discovered. Instead, it appears that years after Petitioner's trial, he requested another inmate to review his documents in an effort to find any errors. There is simply no plausible allegation of a factual predicate for a claim that Petitioner could not have discovered until one year prior to Petitioner's filing this action on October 26, 2010.

For example, Petitioner does not allege that he only recently obtained the documents and transcript from his trial or that, although he had the documents, he could not get other inmates through the years to review his documents. Therefore, there is no plausible reason alleged to cause § 2244(d)(1)(D) to apply in this case.

Lastly, Petitioner answered Question 18 about timeliness: "Subject matter jurisdiction can be raised at any time." Notably, this Court has subject matter jurisdiction over this § 2254 action. 28 U.S.C. § 2254. Petitioner is attacking the subject matter jurisdiction of the *state* court related to his being tried for the crimes of murder and ABWIK. The federal habeas corpus statutes still apply to Petitioner's challenge to his state court conviction, so the AEDPA one-year limitations bars this action even though Petitioner alleges that subject matter jurisdiction was lacking in state court. *See Jackson v. Warden*, C/A No. 2:08-4114-RBH, 2010 WL 2232357, at *2-3 (D.S.C. June 2, 2010) (finding that there is no exception to the AEDPA one-year limitations period based on subject matter jurisdiction claims). Moreover, Petitioner's claim that the Richland County grand jury did not properly indict him for murder and ABWIK is *not* an issue of subject matter jurisdiction which could be raised at any time because, under South Carolina law, a challenge to an indictment on the ground of insufficiency must be made before the jury is sworn. *Id.* at *3 n.3. Further, courts have held that "'a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review.'" *Id.* at *2 (citation omitted).

## Recommendation

Accordingly, it is recommended that the § 2254 Petition be dismissed *with prejudice and without requiring Respondent to file a return* because the Petition is untimely under the one-year limitations provision of the AEDPA.  See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). **Petitioner's attention is directed to the important notice on the next page.**

          s/Bruce Howe Hendricks
          United States Magistrate Judge

April 29, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).