IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alain Lareau, | ) | Civil Action No.: 2:11-cv-00684-RBH |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecelia Reynolds, | ) | |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner filed the action on October 26, 2010.[1] This matter is now before the court with the [Docket Entry 12] Report and Recommendation ("R & R") of United States Magistrate Judge Bruce H. Hendricks[2] filed on April 29, 2011. In her R & R, the Magistrate Judge recommended that Petitioner's [Docket Entry 1] Petition under 28 U.S.C. § 2254 ("§ 2254 Petition") should be dismissed as untimely. *See* R & R at 9. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 14].

## Background

The Magistrate Judge thoroughly and accurately set forth the procedural history and background of this matter in her R & R, which this Order adopts and incorporates by reference. Moreover, Petitioner did not file any objections relating to the background information presented

---

[1] This is the filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). As the Magistrate Judge noted in her R & R, the Clerk did not open this case until March 22, 2011. However, Petitioner signed his § 2254 Petition on October 26, 2010. The date-stamp from the prison mail room is not clear. Therefore, out of an abundance of caution, the court will give Petitioner the benefit of the earliest possible filing date for statute of limitation purposes–the October 26, 2010 signature date.

[2] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

by the Magistrate Judge. Accordingly, this court will not restate the background and procedural history in this Order.

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Applicable Law

28 U.S.C. § 2244(d) specifically provides the following:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## **Discussion**

In her R & R, the Magistrate Judge found that Petitioner's § 2254 Petition was untimely under the AEDPA's one-year limitation period. Specifically, the Magistrate Judge found as follows:

> Because Petitioner's conviction was final prior to the enactment of the AEDPA, he had until April 24, 1997, excluding any time tolled, to file a federal habeas petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000). It appears that between November 13, 1987, the date Petitioner's prior federal habeas corpus action was terminated allegedly without prejudice, and June 15, 2009, the date Petitioner filed a PCR action in state court, Petitioner did *not* have any pending actions in state court for post-conviction relief or collateral attacks related to his 1985 conviction for murder and ABWIK. Thus, the statutory tolling provision of 28 U.S.C. § 2244(d)(2) does not toll the time period between April 24, 1997, Petitioner's deadline to file a federal habeas petition, and June 15, 2009, Petitioner's filing of a state PCR action, and certainly more than one-year passed. Therefore, the present Petition [(filed on October 26, 2010)] is time-barred and should be dismissed on that basis.

R & R at 5-6. In addition, the Magistrate Judge determined that Petitioner had not shown that his § 2254 Petition was timely under § 2244(d)(1)(D). *See id.* at 7-8. The Magistrate Judge similarly concluded that Petitioner was not entitled to equitable tolling, nor was his argument regarding subject matter jurisdiction of the State court an exception to the one-year limitation period. *See id.*

at 6-8.

Petitioner timely filed objections to the R & R. However, Petitioner did not object to the Magistrate Judge's finding that the § 2254 Petition was untimely under both § 2244(d)(1)(A) and (d)(1)(D). As a matter of fact, nowhere in his objections does Petitioner appear to argue that his § 2254 Petition is timely, or that he is entitled to equitable tolling. Rather, Petitioner appears to argue only that his § 2254 Petition should not be time-barred because his claim regarding subject matter jurisdiction of the State court "can be raised at any time under the constitution." Obj. at 3. Because Petitioner failed to object to the Magistrate Judge's findings regarding the untimeliness of his § 2254 Petition and equitable tolling,[3] the court adopts those recommendations after reviewing the face of the record for clear error and finding none. *See Diamond*, 416 F.3d at 315. The court, however, will now address Petitioner's specific objection that his subject matter jurisdiction claim "can be raised at any time under the constitution." Obj. at 3.

---

[3] Petitioner does make one argument in his objections that could arguably be construed to relate to equitable tolling. He states that he was a "slow learner," "work[ed] with limited resources," and "had limited capabilities." Obj. at 1-2. However, upon review, it appears that these statements relate to his contention that his State conviction for murder and ABWIK was "defective," and are not arguments and objections in support of equitable tolling. Regardless, even if the court were to treat these statements as an objection and request for equitable tolling, such equitable relief would not be warranted. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner's allegations of being a "slow learner" and having "limited resources" are not "extraordinary circumstances" warranting equitable tolling. The Fourth Circuit has held that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Similarly, courts have held that "unfamiliarity with the legal process, lack of representation, [and] illiteracy do[] not serve as [] ground[s] for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004). Moreover, Petitioner has not shown that he "ha[d] been pursuing his rights diligently." *Pace*, 544 U.S. at 418. Notably, it appears from his § 2254 Petition and Special Interrogatories that over twenty (20) years passed without Petitioner filing any PCR actions or other actions for collateral relief relating to the conviction he challenges in the instant petition. *See* R & R at 5-6. Accordingly, because Petitioner has not shown "extraordinary circumstances" or that he has been pursing his rights "diligently," he is not entitled to any equitable tolling of the one-year limitation period.

Petitioner stated in his § 2254 Petition that the court should consider the Petition because "subject matter jurisdiction can be raised at any time." § 2254 Petition at 13. In his Objections, Petitioner again argued that "[j]urisdiction on the defective warrants can be raised at any time under the constitution." Obj. at 3. This contention is without merit. First, "a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review." *Dowdy v. Warden, Broad River Corr. Inst.*, No. 8:07-cv-1706-PMD, 2008 WL 2462823, at *4 (D.S.C. June 13, 2008).

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted [maxim] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts.

*Johnson v. McCall*, No. 4:08-cv-3840-CMC-TER, 2010 WL 960335, at *1 n.1 (D.S.C. March 12, 2010) (citing *Pulley v. Harris*, 465 U.S. 37 (1984), and *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998)). Second, and more importantly, Petitioner has not established that the one-year statute of limitations does not apply in his case. In similar cases, courts have held that "[t]here is no exception under the AEDPA for subject matter jurisdiction claims ," and, in the case at bar, Petitioner has not shown that any such exceptions exist.[4] *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007) (quoting *Moore v. Ozmint*, No. 8:06-0990-GRA-BHH, 2006 WL 2873620, at *1 (D.S.C. Oct. 4,

---

[4] Petitioner also raises arguments regarding alleged insufficiencies in his state indictment. While these claims are time-barred under the AEDPA for the reasons stated above, the court notes that, even assuming, *arguendo*, that these claims are not time-barred, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief . . . ." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985). Moreover, "[a] defective or insufficient indictment does not raise an issue of subject matter jurisdiction which could be raised at any time." *Johnson v. McCall*, No. 4:08-cv-3840-CMC-TER, 2010 WL 960335 at *1 n.1 (D.S.C. March 12, 2010) (citing *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005)). Rather, "[t]he indictment is a notice document. A challenge to the indictment on the ground of insufficiency must be made before the jury is sworn . . . ." *Gentry*, 610 S.E.2d at 500. Accordingly, these claims are not only time-barred, but without merit.

2006)), *appeal dismissed*, 271 F. App'x 370 (4th Cir. 2008); *see also Dowdy*, 2008 WL 2462823, at *5 (quoting *Moore*, 2006 WL 2873620, at *1); *Dewitt v. Warden, Lieber Corr. Inst.*, No. 9:06-1221-PMD-GCK, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006). Therefore, because the instant petition was filed outside the one-year limitation period, and Petitioner is not entitled to equitable tolling, the Magistrate Judge properly determined that Petitioner's § 2254 Petition is time-barred.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that Petitioner's § 2254 Petition is **DISMISSED**, *with prejudice*, as untimely under the AEDPA's one-year limitation period.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

        s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 23, 2011